UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGEL ALVAREZ,

                                    Plaintiff,

                             -v-

THE CITY OF NEW YORK, P.O. MICHAEL TEDESCHI, THOMAS COZART, P.O. DOUGLAS BRIGHTMAN, SGT. PAUL KERRIGAN, and SGT. PHILIP TERPOS,

                                   Defendants.

11-CV-5464 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

This case was tried before a jury, and on September 28, 2016, the jury rendered a verdict in favor of Plaintiff Angel Alvarez, finding that three of the five individual Defendants had violated his federal civil rights by using excessive force. The jury awarded $1 in nominal damages. (Dkt. No. 155.) Before the Court now are Plaintiff's motion for a new trial as to damages or for an award of attorneys' fees and costs (Dkt. No. 173), and Defendants' motion for judgment as a matter of law, pursuant to Federal Rule of Civil Procedure 50, in which they also seek post-offer costs (Dkt. No. 182). For the reasons that follow, both motions are granted in part and denied in part.

I.     Background

Familiarity with the background of this case is presumed. The Court therefore summarizes only the facts and proceedings at trial as relevant to the present motions.

Plaintiff Angel Alvarez sued Defendants the City of New York, Police Officer Douglas Brightman, Police Officer Thomas Cozart, Sergeant Paul Kerrigan, Police Officer Michael Tedeschi, and Sergeant Philip Terpos, claiming that they violated his civil rights under 42 U.S.C.

1

§ 1983 and under New York law. Alvarez alleged that he was subjected to excessive force in August of 2010, when Defendants Cozart, Kerrigan, Tedeschi, and Brightman discharged their firearms, striking him over twenty times, and when Brightman kicked him in the head and Terpos forcibly handcuffed him, in connection with an altercation between Alvarez and non-party Luis Soto. Alvarez claimed that he has experienced pain and suffering as a result of Defendants' actions. (Dkt. No. 1.)

The case was tried before a jury, which returned a verdict in favor of Alvarez on his claims that Defendants Cozart, Kerrigan, and Tedeschi used excessive force, and in favor of Defendants Brightman and Terpos. (Dkt. No. 155.) The jury awarded Alvarez $1.00 in nominal damages, and declined to award compensatory or punitive damages. (*Id.*) The jury also answered a series of special interrogatories (Dkt. No. 156):

**Question 1:**

Do you find by a preponderance of the evidence that plaintiff had control of a firearm at any point during the incident?

    YES ___    NO _X_

**Question 2:**

Do you find by a preponderance of the evidence that any of the defendants believed reasonably, even if mistakenly, that plaintiff had control of a firearm and posed a significant threat of death or serious physical injury at any point during the incident?

    YES _X_    NO ___

If yes, which defendants:

  a. Thomas M. Cozart    YES _X_ NO ___
  b. Paul Kerrigan    YES _X_ NO ___
  c. Michael T. Tedeschi    YES _X_ NO ___

**Question 3:**

Do you find by a preponderance of the evidence that any of the defendants continued to shoot at plaintiff after it was no longer reasonable to believe that plaintiff posed a significant threat of death or serious physical injury?

YES  X      NO ___

If yes, which defendants:

    a. Thomas M. Cozart        YES  X  NO ___
    b. Paul Kerrigan           YES  X  NO ___
    c. Michael T. Tedeschi     YES  X  NO ___

Currently before the Court are post-trial motions filed by the parties. Alvarez argues that the jury verdict was unreasonable and that, as a result, a new trial as to damages should be ordered. (Dkt. No. 174 at 1.) In the alternative, Alvarez seeks an award of attorneys' fees and costs. (*Id.*) Defendants—in addition to opposing Alvarez's requests—seek judgment as a matter of law that there was not sufficient evidence to sustain an excessive force claim. (Dkt. No. 183 at 5.) They also argue that Cozart, Kerrigan, and Tedeschi are entitled to qualified immunity. (*Id.* at 12.) Finally, Defendants seek costs incurred after their unaccepted Rule 68 offer of judgment was made. (*Id.* at 21.)

## II.    Discussion

The Court first addresses Alvarez's request for a new trial. It then addresses Defendants' motion for judgment as a matter of law and the issue of qualified immunity. Finally, it addresses Alvarez's request for attorneys' fees and costs and Defendants' request for post-Rule 68 offer costs.

### A.    Motion for a New Trial

Alvarez first seeks a new trial in part on the issue of damages, pursuant to Federal Rule of Civil Procedure 59(a). (Dkt. No. 174 at 9.)

"A motion for a new trial ordinarily should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Atkins v. N.Y. City*, 143 F.3d 100, 102 (2d Cir. 1998) (quoting *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 911 (2d Cir. 1997)). In considering a motion for a new trial, the Court "need not view the evidence in the light most favorable to the verdict winner." *Raedle v. Credit Agricole Indosuez*, 670 F.3d 411, 418 (2d Cir. 2011). However, "a judge 'should rarely disturb a jury's evaluation of a witness's credibility.'" *Id.* (quoting *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 134 (2d Cir. 1998)). Specifically, as regards the award of nominal damages in an excessive force case, where "the jurors were entitled to resolve the conflicting testimony in a way that permitted them to find that excessive force, though used, did not result in compensable injuries, the award of only nominal damages will not be disturbed." *Haywood v. Koehler*, 78 F.3d 101, 105 (2d Cir. 1996).

Alvarez argues that the jury's "decision to award only nominal damages was simply unjustifiable," and that, "as a matter of law, a person who suffers a bullet wound from excessive force has suffered a compensatory injury worth more than one dollar." (Dkt. No. 174 at 11.) Alvarez, however, cites to no precedent supporting this specific position.

Indeed, the Second Circuit has held that "a finding of excessive force does not, as a matter of law, entitle the victim to an award of compensatory damages." *Haywood*, 78 F.3d at 104. The Second Circuit's decision in *Gibeau v. Nellis*, 18 F.3d 107 (2d Cir. 1994), is instructive. There, the Second Circuit upheld a district court's refusal to set aside a jury verdict granting an excessive-force plaintiff no compensatory damages. The Second Circuit acknowledged a variety of possible theories that could support a verdict of excessive force and no compensatory damages, among them, that "[i]t is possible that the jury considered only the last blow to be excessive, and it may have concluded that the [injury] was caused by the first

4

blow." *Id.* at 110. The Second Circuit concluded that "[t]he record reveals that [plaintiff] never conclusively established that [defendant]'s use of excessive force caused him pain, suffering, humiliation, or fear." *Id.*

So too here. The special interrogatories confirm that the jury found that there was both unjustified *and* justified force used against Alvarez. (Dkt. No. 156.) It is possible, based on this finding, that the jury reasonably concluded that Alvarez's pain and suffering—Alvarez did not seek damages for economic loss (Dkt. No. 174 at 13)—resulted only from the *justified* use of force. Indeed, the Court instructed the jury on precisely this possibility, an instruction to which Alvarez's counsel did not object. (Dkt. No. 169 at 1064:17-20 ("You may also award nominal damages if you find that both justified and unjustified force were used, and that the plaintiff suffered injuries that resulted only from the justified use of force.").) Given the volume of gunshot wounds inflicted on Alvarez, it would not be seriously erroneous for the jury to conclude that Alvarez's pain and suffering resulted from earlier, justified rounds of bullets that struck him, rather than later, unjustified rounds. This is especially so given conflicting testimony about the manner in which Alvarez sustained the gunshot wounds and the resultant need for credibility determinations by the jury, determinations this Court is loath to question.

Alternatively, the jury could have reasonably concluded that Alvarez failed to support his claims of injury such that any compensatory damages award would have been purely speculative. "When a jury 'is unable to compute the monetary damages except by engaging in pure speculation and guessing,' an award of nominal damages is appropriate." *Hyppolite v. Collins*, No. 11 Civ. 588, 2015 WL 2179772, at *4 (D. Conn. May 8, 2015) (quoting *Adedeji v. Hoder*, 935 F. Supp. 2d 557, 574 (E.D.N.Y. 2013)). Accordingly, the Court here instructed the jury: "You may also award nominal damages if . . . you find that you're unable to compute monetary damages, except by engaging in pure speculation and guessing." (Dkt. No. 169 at 1064:20-24.)

5

Alvarez did not call an expert witness to identify which of his wounds resulted from which particular bullets, or to disaggregate his pain and suffering across his numerous bullet wounds. Accordingly, a jury could have reasonably concluded that any attempt to divide the damages between the justified and unjustified force would be mere guesswork.

Given the multiple reasonable paths by which the jury could have arrived at an award of nominal damages, their decision to do so was neither seriously erroneous nor a miscarriage of justice. Accordingly, the verdict is upheld and Alvarez's motion for a new trial on the issue of damages is denied.

### B. Judgment as a Matter of Law

Defendants seek judgment as a matter of law as to liability on Alvarez's Section 1983 excessive force claim due to Alvarez's failure to introduce evidence proving that each individual firing officer struck him with a bullet.[1] (Dkt. No. 183 at 5.)

Federal Rule of Civil Procedure 50, which provides for judgment as a matter of law, "generally imposes a heavy burden on a movant, who will be awarded judgment as a matter of law only when 'a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue.'" *Cash v. Cty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011) (quoting Fed. R. Civ. P. 50(a)). "That burden is 'particularly heavy' where, as here, 'the jury has deliberated in the case and actually returned its verdict' in favor of the non-movant." *Id.* (quoting *Cross v. N.Y.C. Transit Auth.*, 417 F.3d 241, 248 (2d Cir. 2005)). "In short, a Rule 50 motion may be granted only if the court, viewing the evidence in the light most favorable to the non-movant, concludes

---

[1] Defendants concede liability as to Alvarez's claims of assault and battery under state law. (Dkt. No. 183 at 10-11.)

that 'a reasonable juror would have been *compelled* to accept the view of the moving party.'" *Id.* (quoting *Zellner v. Summerlin*, 494 F.3d 344, 371 (2d Cir. 2007)).

Defendants argue that Alvarez failed "to present evidence sufficient to prove that each individual officer, through his individual conduct, caused plaintiff to sustain a physical injury by actually striking him with a bullet." (Dkt. No. 183.)

However, the burden on a plaintiff proving excessive force is not so high. "A plaintiff seeking to prove that an officer directly participated in the alleged excessive force need not be able to positively identify, at trial, which defendant took what particular action." *Gonzalez v. Waterbury Police Dep't*, 199 F. Supp. 3d 616, 621 (D. Conn. 2016). "Rather, a jury may use a combination of factors—direct testimony, cross examination, and circumstantial evidence—to infer that a particular defendant took a particular action." *Id.*

Here, Plaintiff adduced sufficient evidence for the jury to conclude that each of the three Defendants was liable for excessive force. Plaintiff called multiple eyewitnesses who confirmed that all of the officers fired at Alvarez; indeed, Defendants testified that, collectively, they fired their service weapons forty-four times. (Dkt. No. 183 at 7.) Thus, this case is not like *Corley v. Nabeel Shahid*, 89 F. Supp. 3d 518 (E.D.N.Y. 2015), a case on which Defendants rely, where the plaintiff "introduced no evidence to show that *any* of the defendants played *any* role in the attack." *Id.* at 524. Rather, Alvarez adduced eyewitness testimony and testimony from Defendants themselves of their involvement in the incident and their use of force against him.

Accordingly, the jury had a legally sufficient basis to find for Alvarez and Defendants' motion for judgment as a matter of law is denied.[2]

---

[2] Because the Court denies Defendants' motion for judgment as a matter of law, it need not address their argument about Plaintiff's entitlement to attorneys' fees for prevailing only on state law claims. (Dkt. No. 183 at 10-12.)

## C. Qualified Immunity

Defendants next argue that they are entitled to qualified immunity. (Dkt. No. 183 at 12.)

In cases involving the use of deadly force, a qualified immunity defense is available only where a defendant's action was objectively reasonable in light of clearly established law at the time the action was taken. *O'Bert ex rel. Estate of O'Bert v. Vargo*, 331 F.3d 29, 36 (2d Cir. 2003). The court must determine "if, on an objective basis, it is obvious that no reasonably competent officer would have concluded . . . in that moment that the use of deadly force was necessary." *Estate of Jaquez v. City of N.Y.*, 104 F. Supp. 3d 414, 420 (S.D.N.Y. 2015) (quoting *O'Bert*, 331 F.3d at 37). "It is not objectively reasonable for an officer to use deadly force to apprehend a suspect unless the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others." *O'Bert*, 331 F.3d at 36.

Where the allegations of excessive force involves the firing of multiple rounds of ammunition by police officers, the Court must balance conflicting considerations. On the one hand, there is "[n]othing in the Fourth Amendment barr[ing] [officers] from protecting themselves, even though it mean[s] firing multiple rounds." *City & Cty. of S.F. v. Sheehan*, 135 S. Ct. 1765, 1775 (2015). And on the other hand, "a grant of qualified immunity as to the use of force—even lethal force—in the course of an event does not necessarily extend to all use of such force throughout the incident." *Estate of Jaquez*, 104 F. Supp. 3d at 437-38.

At an earlier stage in this action, Judge Analisa Torres denied Defendants' request for summary judgment on the issue of qualified immunity. She concluded that "'[b]ecause . . . genuine material, factual disputes overlap both the excessive force and qualified immunity issues,' summary judgment on the basis of qualified immunity is inappropriate." (Dkt. No. 116

8

at 14 (alterations in original) (quoting *Cowan ex rel. Estate of Cooper v. Breen*, 352 F.3d 756, 764 (2d Cir. 2003))).

Here, the jury's verdict, and in particular its answers to the special interrogatories, simplifies the Court's job and resolves the factual disputes precluding Judge Torres from granting summary judgment. One of those interrogatories asked: "Do you find by a preponderance of the evidence that any of the defendants continued to shoot at plaintiff *after it was no longer reasonable to believe that plaintiff posed a significant threat of death or serious physical injury*?" (Dkt. No. 156 (emphasis added).) The jury answered yes, indicating that, in its view, Defendants Cozart, Kerrigan, and Tedeschi continued to use deadly force against Alvarez at a time when it was not reasonable to believe that he posed a significant threat of death or serious physical injury. The language of this special interrogatory closely tracks the standard for objective reasonableness for the use of deadly force stated by the Second Circuit in *O'Bert*. *See O'Bert*, 331 F.3d at 36. The jury's finding that the officers' use of force was, at some point, objectively unreasonable, precludes their defense of qualified immunity.

Defendants urge the Court to view the officers' conduct as a single unified transaction. (Dkt. No. 183 at 14.) And indeed, they offered testimony to suggest that the barrage of bullets they unleashed on Alvarez were fired over a very short window of time. (*Id.* at 15.) In fact, the jury concluded that "the defendants believed reasonably, even if mistakenly, that plaintiff had control of a firearm and posed a significant threat of death or serious physical injury at [some] point during the incident." (Dkt. No. 156.) However, the jury also concluded that the officers continued to shoot at Alvarez after this belief was no longer reasonable. The jury's conclusion confirms that the incident did not happen all at once, but rather continued beyond the point where the officers' use of deadly force was no longer reasonable. The dispute over whether Alvarez was on the ground at this point and the fact that the jury declined to award punitive

9

damages—issues that Defendants point to as supporting their argument that the use of force should be considered a single event—are immaterial given the finding that there was a period of time when the officers used force that was unreasonable. As such, the Defendants are not entitled to qualified immunity.

D. **Attorneys' Fees**

Alvarez seeks an award of attorneys' fees and costs in the amount of $563,271.00 in fees and $31,847.18 in costs, as he was the prevailing party in this action. (Dkt. No. 174 at 15.) Defendants argue that the award of nominal damages does not entitle Alvarez to an award of fees. (Dkt. No. 183 at 17.) Defendants reserve the right to challenge the reasonableness of Alvarez's requested fees if the Court deems him entitled to such an award. (*Id.* at 20 n.6.)

"In any action or proceeding to enforce a provision of [S]ection[] . . . 1983 . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C.A. § 1988(b). "The district court is given broad discretion in granting a fee award and assessing a reasonable fee under the circumstances of the case." *Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997).

"[A] plaintiff who wins nominal damages is a prevailing party under § 1988." *Farrar v. Hobby*, 506 U.S. 103, 112 (1992). However, "[i]n some circumstances, even a plaintiff who formally 'prevails' under § 1988 should receive no attorney's fees at all. A plaintiff who seeks compensatory damages but receives no more than nominal damages is often such a prevailing party." *Id.* at 115. Accordingly, courts in this Circuit have often declined to award fess where plaintiffs receive only nominal damages. *See, e.g.*, *Dingle v. City of N.Y.*, No. 10 Civ. 4, 2012 WL 1339490, at *8 (S.D.N.Y. Apr. 17, 2012).

Courts generally consider three factors to determine whether a plaintiff who receives only nominal damages is nonetheless entitled to an award of fees: "'[1] the difference between the

judgment recovered and the recovery sought[,]' '[2] the significance of the legal issue on which the plaintiff prevailed, and [3] the public purposes served' by the litigation." *Id.* at *5 (alteration in original) (footnotes omitted) (quoting *Farrar*, 506 U.S. at 121-122 (O'Connor, J., concurring)).

These factors, considered together, counsel in favor of awarding Alvarez some amount of attorneys' fees in this action. The first factor—the difference between the actual and hoped-for recovery—does not weigh in Alvarez's favor. Alvarez rejected a Rule 68 offer in the amount of $150,001.00 and demanded $1 million to settle the action prior to trial. (Dkt. No. 183 at 19.) His $1.00 nominal damages award is a far cry from the recovery he sought.

The Court notes, however, that Alvarez sought only damages for pain and suffering; he did not seek any damages for economic loss, either in terms of foregone employment or medical expenses (likely due to the fact of his incarceration). The Court declines to speculate on whether such damages, had they been sought, would have been awarded by the jury; however, the relatively narrow scope of the prayer for damages helps to contextualize the jury's nominal award.

The second and third factors—the significance of the issue on which Alvarez prevailed and the public purposes served by the litigation—weigh in Alvarez's favor. Alvarez earned a verdict against three Defendants that they used excessive force, deadly force, against him. The force used by these three Defendants was more severe than that allegedly used by the two Defendants against whom Alvarez did not prevail. The case involved issues of significant local and national importance—police use of deadly force—and meaningfully vindicated Alvarez's constitutional rights. Alvarez's verdict serves the public interest in monitoring police behavior and could lead to policy and practice changes within the department. *See Diamond v. O'Connor*, No. 05 Civ. 279, 2010 WL 9459022, at *2 (D. Vt. June 10, 2010) ("[Plaintiff]'s lawsuit

11

vindicated an important Constitutional right . . . . The judgment also alerts the City that . . . officers may require additional training and supervision to prevent violations of Constitutional rights."), *aff'd*, 417 F. App'x 104 (2d Cir. 2011); *Green v. Torres*, 290 F. Supp. 2d 427, 430–31 (S.D.N.Y. 2003) ("[T]here is a public interest in monitoring even modest police transgressions . . . ."), *aff'd*, 361 F.3d 96 (2d Cir. 2004). Moreover, a finding of constitutional violations by police officers may have second-order effects on private-market regulators of police behavior. *See generally* John Rappaport, *How Private Insurers Regulate Public Police*, 130 Harv. L. Rev. 1539 (2017).

Considering these factors together confirms that Alvarez is entitled to some amount of attorneys' fees. At Defendants' request, the Court defers the question of whether the fees Alvarez requests are reasonable until the parties have had an opportunity to fully brief this issue.[3] (*See* Dkt. No. 183 at 20 n.6.)

Alvarez also seeks an award of costs. Federal Rule of Civil Procedure 54(d)(1) provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Costs are generally awarded even where a prevailing party recovers only nominal damages, *see Dingle*, 2012 WL 1339490, at *8 (citing *LaBounty v. Rivera*, No. 95 Civ. 2617, 1999 WL 1129063, at *8 (S.D.N.Y. Dec. 8,

---

[3] In determining the reasonableness of a fee award, the "most important factor . . . is 'the degree of success obtained.'" *LeBlanc–Sternberg v. Fletcher*, 143 F.3d 748, 760 (2d Cir. 1998) (quoting *Pino v. Locascio,* 101 F.3d 235, 237 (2d Cir.1996)). "The degree of success inquiry enters into the fee analysis in two separate ways, as part of the initial lodestar calculation as well as part of the broader determination as to whether the plaintiff achieved 'a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award.'" *Green v. Torres*, 59 F. App'x 400, 402 (2d Cir. 2003) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "[T]he full lodestar may constitute an 'excessive' fee award where the 'plaintiff has achieved only partial or limited success.'" *Green v. Torres*, 361 F.3d 96, 99 (2d Cir. 2004) (quoting *Hensley*, 461 U.S. at 436) (affirming a district court decision reducing a lodestar calculation by twenty percent to account for claims dropped before trial).

1999)), and Defendants here have not argued otherwise. Accordingly, Alvarez is entitled to an award of costs. The Court also delays its determination of the reasonableness of the request for costs until the parties have briefed this issue.

### E. Post-Offer Costs

Finally, Defendants seek compensation for costs incurred after their Rule 68 offer of judgment. (Dkt. No. 183 at 21.)

Federal Rule of Civil Procedure 68(d) provides: "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d). "Rule 68 reverses Rule 54(d) and requires a prevailing plaintiff to pay a defendant's post-offer costs if the plaintiff's judgment is less favorable than the unaccepted offer." *Stanczyk v. City of N.Y.*, 752 F.3d 273, 281 (2d Cir. 2014).

Here, Defendants served an offer of judgment pursuant to Rule 68 for $150,001.00 plus fees and costs. (Dkt. No. 183 at 21.) Plaintiff declined the offer and was ultimately awarded $1.00 in damages against Defendants. As this judgment was less favorable than the unaccepted offer, Defendants are entitled to post-offer costs.

Alvarez argues that any award of costs should not include costs relating to two of Defendants' expert witnesses, criminalist Diana Ho and firearms expert George Krivosta, as Defendants "did not prevail on these aspects of their case at all." (Dkt. No. 186 at 16.) However, Rule 68 makes no such distinction, and Alvarez fails to cite to any authority suggesting otherwise.

## III. Conclusion

For the foregoing reasons, Alvarez's motion for a new trial is DENIED and his request for fees and costs is GRANTED. Defendants' motion for judgment as a matter of law is DENIED and their request for costs is GRANTED. Defendants are directed to file supplemental

13

briefing on the reasonableness of the fee and costs award, along with their application for costs, within 30 days of the date of this Opinion and Order; any response from Alvarez shall be filed within 14 days thereafter.

The Clerk of Court is directed to close the motions at Docket Number 173 and Docket Number 182.

SO ORDERED.

Dated: April 27, 2017
       New York, New York

                                             J. PAUL OETKEN
                                      United States District Judge