UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGEL ALVAREZ,
                           Plaintiff,

-v-

THE CITY OF NEW YORK, P.O. MICHAEL TEDESCHI, THOMAS COZART, P.O. DOUGLAS BRIGHTMAN, SGT. PAUL KERRIGAN, and SGT. PHILIP TERPOS,
                           Defendants.

11-CV-5464 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

    Plaintiff Angel Alvarez was shot over twenty times by New York City police officers, and a jury found three of those officers liable for using excessive force. However, the jury declined to award any compensatory or punitive damages, instead awarding only $1 in nominal damages.

    This Court previously decided that despite his recovery of only nominal damages, Alvarez is entitled to some amount of attorney's fees and costs. Defendants now move for reconsideration of that decision. For the reasons that follow, Defendants' motion for reconsideration is granted and Alvarez's motion for attorney's fees is denied.

**I.    Background**

    Familiarity with the background of this case, as set out in this Court's prior opinions, is presumed. *See Alvarez v. City of New York*, No. 11 Civ. 5464, 2017 WL 1506563 (S.D.N.Y. Apr. 27, 2017); *Alvarez v. City of New York*, No. 11 Civ. 5464, 2015 WL 1499161 (S.D.N.Y. Mar. 30, 2015); *Alvarez v. City of New York*, No. 11 Civ. 5464, 2012 WL 6212612 (S.D.N.Y. Dec. 12, 2012).

1

This case arises out of an altercation between Alvarez and another individual, Luis Soto, at a block party. Alvarez alleges that Soto shot him several times at close range, and the two men then struggled over Soto's weapon. Police officers arrived during the scuffle and began firing on the two men. The officers struck Alvarez over twenty times. *See Alvarez*, 2015 WL 1499161, at *1–4. Alvarez brought this suit against the City and the officers under 42 U.S.C. § 1983 and New York law for excessive force and false arrest. (*See* Dkt. No. 1.)

The case was tried before a jury, which returned a verdict in favor of Alvarez with respect to his excessive force claims against three of the five named officers. (Dkt. No. 155.) Specifically, the jury found that Alvarez had proven by a preponderance of the evidence that Defendants Cozart, Kerrigan, and Tedeschi "intentionally or recklessly subjected him to excessive force." (Dkt. No. 155.) In response to special interrogatories, the jury found that those three defendants "believed reasonably . . . that [Alvarez] had control of a firearm and posed a significant threat of death or serious physical injury at [some] point during the incident," but that "the defendants continued to shoot at [Alvarez] after it was no longer reasonable to believe that [he] posed a significant threat of death or serious physical injury." (Dkt. No. 156.)

Despite finding three defendants liable for using excessive force in violation of Alvarez's civil rights, the jury awarded him just $1 in nominal damages. In so doing, the jury found that Alvarez had not "prove[n] by a preponderance of the evidence that he suffered any compensatory damages as a result of the injury . . . proximately caused by" the defendants. (Dkt. No. 155.) The jury similarly declined to award punitive damages. (*Id.*)

After trial, Alvarez moved for a new trial as to damages or, in the alternative, for attorney's fees. (Dkt. No. 173.) The Court denied the motion for a new trial, determining that a reasonable jury could have "concluded that Alvarez's pain and suffering . . . resulted only from

2

the *justified* use of force," or, alternatively, that "Alvarez failed to support his claims of injury such that any compensatory damages award would have been purely speculative." *Alvarez*, 2017 WL 1506563, at *2–3.

The Court did, however, grant Alvarez's request for an award of attorney's fees and costs. *Id.* at *6. Defendants now move for reconsideration of that decision, requesting that the Court "deny in its entirely plaintiff's application for attorneys' fees and costs." (Dkt. No. 193.)

## II. Legal Standard

"The standard for granting . . . a motion [for reconsideration] is strict." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "A motion for reconsideration should be granted only when the defendant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257.

## III. Discussion

### A. Attorney's Fees

In *Farrar v. Hobby*, the Supreme Court held "that a plaintiff who wins nominal damages is a prevailing party under [42 U.S.C.] § 1988," and as a result, he is statutorily eligible to receive attorney's fees. 506 U.S. 103, 112, 114 (1992). The Court cautioned, however, that "[a]lthough the 'technical' nature of a nominal damages award . . . does not affect the prevailing party inquiry, it does bear on the propriety of fees awarded under § 1988." *Id.* at 114. "Accordingly, the Supreme Court set forth the following three factors to determine whether a

plaintiff who has obtained only nominal damages is nonetheless entitled to receive attorneys' fees: '[1] the difference between the judgment recovered and the recovery sought[,]' '[2] the significance of the legal issue on which the plaintiff prevailed, and [3] the public purposes served' by the litigation." *Dingle v. City of New York*, No. 10 Civ. 4, 2012 WL 1339490, at *5 (S.D.N.Y. Apr. 17, 2012) (alterations in original) (footnotes omitted) (quoting *Farrar*, 506 U.S. at 121–22).

Applying the *Farrar* factors, the Court's prior Opinion and Order determined that "[t]he first factor . . . does not weigh in Alvarez's favor . . . [because] [h]is $1.00 nominal damages award is a far cry from the recovery he sought," but that "[t]he second and third factors—the significance of the issue on which Alvarez prevailed and the public purposes served by the litigation—[do] weigh in [his] favor." *Alvarez*, 2017 WL 1506563, at *5. The Court concluded that "[c]onsidering these factors together confirms that Alvarez is entitled to some amount of attorneys' fees" and costs; although the Court "defer[red] the question of whether the fees Alvarez requests are reasonable until" after further briefing. *Id.* at *6.

Defendants contend that the Court erred in applying the *Farrar* factors. In particular, Defendants argue that the Court overlooked "clear Second Circuit precedent that holds that attorney fee awards in nominal damages cases are extremely rare, except where plaintiffs can show that the case involved 'ground-breaking' new legal theories or principles that advance a public interest." (Dkt. No. 194 at 2.)

Upon reconsideration, the Court agrees with Defendants. In *Pino v. Locascio*, the Second Circuit observed that "while there is no *per se* rule that a plaintiff recovering nominal damages can never get a fee award, *Farrar* indicates that the award of fees in such a case will be rare." 101 F.3d 235, 238 (2d Cir. 1996). In reversing the district court's fee award, the *Pino* Court

4

distinguished *Cabrera v. Jakabovitz*, 24 F.3d 372 (2d Cir. 1994)—an earlier case that had *affirmed* a fee award—by explaining that "[a]though the plaintiffs in *Cabrera* received only nominal damages, their lawsuit created a new rule of liability that served a significant public purpose." *Pino*, 101 F.3d at 239. *Pino* concluded that "[t]he vast majority of civil rights litigation does not result in ground-breaking conclusions of law, and therefore, will only be appropriate candidates for fee awards if a plaintiff recovers some significant measure of damages or other meaningful relief." *Id.*

The Second Circuit subsequently clarified that a ground-breaking conclusion of law is a *necessary*—not merely a *sufficient*—condition for awarding attorney's fees when the plaintiff has received only nominal damages. In *McGrath v. Toys "R" Us, Inc.*, the court explained that "[u]nder our court's precedents, an 'award of fees' to a plaintiff recovering nominal damages 'will be rare,' appropriate only when a plaintiff's success relies on a 'new rule of liability that serve[s] a significant public purpose.'" 409 F.3d 513, 518 (2d Cir. 2005) (quoting *Pino*, 101 F.3d at 238–39).[1]

Alvarez responds that "a groundbreaking theory of liability is just one—but not the only—possible such public purpose." (Dkt. No. 195 at 10.) But the cases that Alvarez cites to support his position are unpersuasive. The first case, *Diamond v. O'Connor*, awarded attorney's fees to a plaintiff who had been awarded only nominal damages—but, crucially, the plaintiff in *Diamond* had *sought* only nominal damages. No. 05 Civ. 279, 2010 WL 9459022, at *2 (D. Vt.

---

[1] Alvarez argues that *McGrath* is inapposite because it considered "the reasonableness of an award of attorneys' fees pursuant to New York *state* law." (Dkt. No. 195 at 7.) However, the *McGrath* Court's analysis contrasted the standard for *state-law* fee awards with *federal-law* fee awards, thus clarifying Second Circuit precedent on the reasonableness of awarding attorney's fees under § 1988. *See McGrath*, 409 F.3d at 520 ("[T]he New York Court of Appeals appears to have defined the public purpose exception to the general *Farrar* rule more expansively under state law than had our federal precedents.").

June 10, 2010). The district court emphasized this important distinguishing detail, explaining that "in a case where nominal damages are awarded to a plaintiff who sought and failed to prove compensable injury, a reasonable fee may be no fee at all. In the instant case, however, Diamond stated at trial that he sought only nominal damages . . . ." *Id.* (citations omitted).[2]

The second case offered by Alvarez, *Anderson v. City of New York*, 132 F. Supp. 2d 239 (S.D.N.Y. 2001), is similarly unhelpful to Plaintiff's cause. The court in *Anderson* concluded that the plaintiffs' "victory [was] not so 'hollow,' 'technical,' or 'de minimis' as to preclude an award of attorneys' fees." *Anderson* differs from Alvarez's case, however, in two key respects. First, the *Anderson* plaintiffs prevailed on a claim for compensatory damages, recovering $2,501. *Id.* at 242. Second, "there [was] nothing in the record to indicate that the [plaintiffs] ever rejected any offer greatly exceeding the amount they obtained at trial." *Id.* In contrast, the jury awarded Alvarez only $1 in nominal damages, and it did so after Alvarez had rejected a pre-trial settlement offer of $150,001. *Alvarez*, 2017 WL 1506563, at *5.

In sum, the Court reads *Pino* and *McGrath* to require the following: When a plaintiff seeks a non-nominal remedy but receives only nominal damages, he must show that his case established some "groundbreaking" legal principle. Without such a showing, the second and third *Farrar* factors are insufficient, as a matter of law, to overcome the plaintiff's deficit with respect to the first *Farrar* factor. This is because "[t]he most important factor in determining the reasonableness of a fee is the degree of success obtained." *Pino*, 101 F.3d at 237.

---

[2] Alvarez's reliance on the Second Circuit's affirmance of *Diamond* is misplaced; even if the district court's decision in *Diamond* supported Alvarez's position, the Second Circuit's summary affirmance of that decision cannot overturn Circuit precedent as announced in *Pino* and *McGrath*. *See* Local Rule 32.1.1(a) ("Rulings by summary order do not have precedential effect.").

6

The Court is thus obligated to reevaluate its application of the second and third *Farrar* factors in light of *Pino* and *McGrath*. Defendants accurately note that "it has long been established that officers must use reasonable force." (Dkt. No. 194 at 4.) Consequently, the jury's verdict in Alvarez's case did not "result in [a] ground-breaking conclusion[] of law" nor "create[] a new rule of liability." *Pino*, 101 F.3d at 239. It remains true that Alvarez's "case involved issues of significant local and national importance—police use of deadly force." *Alvarez*, 2017 WL 1506563, at *5. But while police officers' excessive use of force is certainly a significant issue, the *actual result* of Alvarez's case—an award of $1—is insignificant. At bottom, "this case established no new law but instead involved the application of settled law to the facts of the case." *Dingle*, 2012 WL 1339490, at *8.

Consequently, the Court grants Defendants' motion for reconsideration as to Alvarez's application for attorney's fees, and concludes that Alvarez is not entitled to any amount of attorney's fees.

### B. Costs

Costs are awardable even when a court denies the prevailing party's attorney's fees under *Farrar*. *See Dingle*, 2012 WL 1339490, at *8 ("[T]he discussion in *Farrar* was basically cabined to attorneys' fees and did not separately address costs . . . . Because [under § 1988] attorneys' fees are a component of awardable costs, it stands to reason that costs other than attorneys' fees can be awarded even if attorneys' fees are denied.").

Although Defendants' motion for reconsideration nominally requests that the Court reconsider and deny Alvarez's application for costs (Dkt. No. 193), Defendants have failed to brief the issue of costs. As a result, the Court sees no reason to reconsider its previous award of costs under Federal Rule of Civil Procedure 54(d)(1), which provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—

should be allowed to the prevailing party." Accordingly, the Court denies reconsideration of its award of pre-Rule 68 offer costs to Alvarez.

## IV. Conclusion

For the foregoing reasons, Defendants' motion for reconsideration is GRANTED in part. Upon reconsideration, Alvarez's motion for attorney's fees is denied. As previously held, Alvarez is entitled to costs prior to Defendants' Rule 68 offer of judgment, and Defendants are entitled to costs thereafter. The parties are directed to confer regarding the respective awards of costs. If they are unable to reach agreement on a proposed order by December 22, 2017, they shall submit letter briefs on the issue by January 5, 2018.

The Clerk of Court is directed to close the motion at Docket Number 193.

SO ORDERED.

Dated: December 5, 2017
New York, New York

_____
J. PAUL OETKEN
United States District Judge